'(100 South. 729)'

No. 24422.

VIERING et al. v. N. K. FAIRBANKS CO.

(March 10, 1924. Rehearing Denied by the Whole Court April 30, 1924.)

*(Syllabus by Editorial Staff.)*

1. Courts ⟪⇒224(11)—Court of Appeal held to have jurisdiction on face of record.

Where petition alleges that value of matter involved in suit for injunction is more than $100 and less than $2,000, Court of Appeal, on face of record, has jurisdiction of appeal from judgment sustaining exception.

2. Municipal corporations ⟪⇒680, 681(8)— Grant of right to obstruct sidewalk for private purposes unauthorized.

Act No. 136 of 1898, § 15, as amended by Act No. 11 of 1912, authorizing municipality to exercise full jurisdiction in matter of streets, sidewalks, etc., does not sanction grant of right of erecting and maintaining, on sidewalk in front of petitioner's property, posts supporting guy wires holding smokestack of private manufacturing plant.

**3. Easements ⟨key⟩30(1)—Servitude; prescriptive right to maintain guy wires held not lost by nonuser.**

Where a manufacturing corporation had for 30 years maintained on plaintiff's property posts supporting guy wires leading to its smokestack and had therefore acquired right to continue to do so by prescription, such right was not lost by nonuser from 1915 to 1917, in view of R. C. C. 765, 789.

O'Niell, C. J., and Thompson, J., dissenting from refusal to grant rehearing.

Appeal from Civil District Court, Parish of Orleans; Wynne G. Rogers, Judge.

Suit by Miss Irma Viering and others against N. K. Fairbanks Company. Judgment for plaintiffs, and defendant appeals. Amended and affirmed.

Miller, Miller & Fletchinger, of New Orleans, for appellant.

Frank Wm. Hart, of New Orleans, for appellees.

By Division B, composed of Justices DAWKINS, LAND, and LECHE.

DAWKINS, J. Plaintiffs are the owners of certain real property situated in the city of Gretna, La., in the square bounded by Second, Cuviere, and Third streets and Copernicus avenue. Petitioners have occupied their residence which fronts on Second street for many years. They allege that defendant owns the property directly across the said street in front of their home and upon which it operates a mill for the manufacture of lard and like products; that, claiming to act under authority from the said city, defendant has erected "two iron posts or 'I' beams on the sidewalk of Second street in front of and on the same side of the street with petitioner's said property, within 125 feet from the corner of Copernicus avenue, each of which said posts or 'I' beams is to be used by said company, as petitioners are informed and believe, as anchors or supports for one or more guy wires or ropes at-tached, by being strung over and across Second street, to a large iron smokestack erected by said company on its said property, near the corner of Copernicus avenue and Second street for use in connection with its private manufacturing plant"; further, that said posts are about 12 inches wide, extend up about 10 feet from the ground, are from 50 to 75 feet apart, are imbedded in concrete to a depth of 5 to 6 feet, which said concrete extends to the curb and beyond into the gutter of said street, and 3 or 4 feet upwards; that defendant has also, without any right or authority erected "an unsightly wooden guy pole or post on the sidewalk of Second street, directly in front of petitioner's said residence, to which guy ropes or wires are attached similarly to those in the case of the "I" beams.

Petitioner further alleges that said posts are unsightly, obstruct the free use of the street and sidewalk and are a menace to the safety of petitioners and others using said sidewalk and street; that they will have the effect of preventing the growing of grass and shade trees in front of said property; that they have been erected and will be used exclusively for the private advantage and benefit of defendant; and that the city is without authority to grant the use of the streets for any such private purposes.

Petitioners pray for a mandatory injunction compelling defendant to remove said obstructions, and that it be further enjoined from thereafter again erecting the same.

Defendant excepted to the citation, first upon the ground that the party upon whom the citation was served was not its agent for the service of process; and, second, that its "principal office in this state (the petition alleging that defendant is a nonresident corporation) is in the city of Gretna, Jefferson parish, where an agent for the service of process has been designated, through a power of attorney duly recorded in the of-

fice of the secretary of state * * * and in the office of the clerk of the district court for said parish, as required by law." This exception was filed March 22, 1916, and on April 26th of the same year defendant excepted further upon the ground that the lower court was without jurisdiction ratione materiæ. April 28, 1916, the "exceptions herein filed by defendant on April 26. 1916," were overruled. On May 6th, defendant filed exceptions of vagueness and of no right or cause of action, and on June 22, 1916, the court signed a judgment sustaining the exception of no cause of action.

The case was appealed to the Court of Appeal for the Parish of Orleans, which court reversed the judgment of the trial court and remanded the case to be tried on its merits.

The defendant then answered, admitting that it had erected the post and "I" beams as alleged, but denied the effects thereof as alleged by plaintiff, both on fact and law; averred that it had acted with full authority from the city of Gretna, and was well within its rights under the law. It further averred, in the alternative, that previous to the storm of September 29, 1915, it had been using and occupying a part of plaintiff's said premises for the support of posts for its said smokestack and only consented to move the same to the sidewalk because of the protest of plaintiffs against their being again erected upon her property, and prayed that, if the court should hold the said posts could not remain upon the sidewalk, then, because of the fact that it had been so occupying plaintiff's property for more than 30 years for the same purpose that it should be decreed to have the right to restore the poles to their former position, as having accrued under the law governing continuous apparent servitudes.

There was judgment ordering defendant to remove said posts within 90 days, and enjoining defendant from again erecting them in the future.

Defendant appeals.

## Opinion.

[1] In the appeal to the Court of Appeal for the Parish of Orleans, that court disposed of the exceptions, including the one of no cause of action, adversely to the defendant's contention. 14 La. C. App. 130. The order for appeal to this court was granted by the lower judge upon the showing made in an affidavit that the "value of the servitude (claimed) by the defendant in reconvention in the above cause is in excess of $2,000.00, and should defendant be required to remove its guy wires and supports and abandon its smokestacks or move the same or substitute other types of stacks differently supported, the loss, damage and expense to the defendant would greatly exceed the sum of $2,000.00." The petition of plaintiffs alleged that the value of the matter involved was more than $100 and less than $2,000, and hence when the case was before the Court of Appeal, on the face of the record, it clearly had jurisdiction. We shall, therefore, not disturb its ruling upon those points, which appear to us to have been decided correctly. See opinion and authorities cited in Veiring et al. v. Fairbanks & Co., 14 La. Ct. App. p. 130 et seq.

[2] On the merits, plaintiffs have substantiated the allegations of their petition, in the main, by showing that these large iron beams or posts, with guy wires attached and extending across the street to support defendant's smokestack, have been erected in the sidewalk directly in front of their property. And, although done with the attempted authorization of the city of Gretna, these obstructions constitute a nuisance and a special injury to the property and free enjoyment thereof by the plaintiffs not suffered by the public at large, which entitles them to the

relief prayed for. As was said, by Judge Godchaux, when the case was before the Court of Appeal:

"Finally, even if it be true as suggested, that as to some of the posts and wires at least, defendant is acting under an express grant of the city of Gretna, this nevertheless would afford it no protection. For the authority reposing in said municipality 'to exercise full jurisdiction in the matter of streets, sidewalks', etc. (Section 15, Act 136 of 1898, as amended by Act 11 of 1912), would not sanction the grant of the right, such as is alleged here, of erecting and maintaining the permanent obstructions devoted exclusively to a strictly private enterprise." Mayronne v. Keegan, 117 La. 670, 42 South. 212.

[3] However, defendant has proven without objection, in support of its reconventional demand, and it is admitted in brief that for more than 30 years, up to and including 1915, it had occupied with one of its posts supporting its guy wires a portion of plaintiff's property. It had therefore acquired the right to continue to do so by the prescription pleaded in its answer. This suit was filed in 1916, and the alternative demand to be permitted to return to the use of said continuous apparent servitude was made in its answer which was filed on May 22, 1917. Hence the right had not been lost by nonuser. R. C. C. arts. 765 and 789.

The judgment appealed from is therefore amended by decreeing defendant the right to again erect and use its post for its guy wires in the same place and manner and to the same extent as was done prior to the storm of September 29, 1915, and as thus amended the said judgment is affirmed; plaintiff to pay costs of this appeal, and all other costs to be paid by defendant.

Rehearing refused by the WHOLE COURT.

O'NIELL, C. J., and THOMPSON, J., dissent from refusal to grant rehearing.